**Patricia V. FITZWATER et al., Plaintiffs,**

v.

**The VETERANS ADMINISTRATION et al., Defendants.**

**No. C–3–81–36.**

United States District Court, S. D. Ohio, W. D.

June 9, 1981.

Alvarene N. Owens, Richard Austin, Dayton, Ohio, for plaintiffs.

Robert J. Fogarty, Asst. U. S. Atty., Dayton, Ohio, for defendants.

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO DISMISS CLASS ACTION ALLEGATIONS; DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION FOR SEPARATE TRIALS ON PLAINTIFFS' INDIVIDUAL CLAIMS; DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO DISMISS ALL NAMED DEFENDANTS AND SUBSTITUTE ACTING DIRECTOR OF THE VETERANS ADMINISTRATION; DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION UPON GROUND THAT, PURSUANT TO ALLEGATIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT, IRREPARABLE HARM CANNOT BE DEMONSTRATED AS A MATTER OF LAW; FURTHER PROCEDURES SET FORTH

RICE, District Judge.

The captioned cause came on to be heard upon the motion of the Defendants, seeking an order of the Court dismissing the class action allegations contained in the Plaintiffs' second amended complaint, for the reason that the Court lacks subject matter jurisdiction over same as the Plaintiffs have failed to exhaust their administrative remedies; seeking separate trials on Plaintiffs' individual claims of discrimination since the Plaintiffs have improperly joined said claims; and, finally, seeking an order of the Court dismissing all named Defendants and substituting in their stead Rufus H. Wilson, Acting Administrator of the Veterans Administration.

Upon due consideration of the law as set forth in the memoranda of counsel and as gleaned in the Court's own research, the Court makes the following rulings upon the aforesaid motions:

1.  *The motion to dismiss the Plaintiffs' class action allegations for lack of subject matter jurisdiction is overruled.*

The issue squarely presented by this motion is whether four individual Plaintiffs, each of whom has filed an individual complaint alleging discrimination with the Veterans Administration, the alleged discriminating employer, are barred from suing as representatives of a class because none of said four individual Plaintiffs has filed a class complaint of discrimination with the Veterans Administration pursuant to 29 C.F.R. 1613.601 *et seq.* or because no agent has filed an administrative complaint on behalf of the class. In short, the issue is whether a Plaintiff or a group of Plaintiffs, who file a Title VII class action complaint, has exhausted her administrative remedies by filing an individual complaint of discrimination rather than a class complaint of discrimination with the alleged discriminating employer.

■   While this appears to be a matter of first impression, as no reported case can be found on point, recourse to established case law on class actions generally allow this Court to answer the foregoing question by concluding that the four individual Plaintiffs are not barred from suing on behalf of a class because of their failure to file a class complaint of discrimination with their employer.

■   In ruling as aforesaid, this Court makes the following, non-exclusive observations:

A.  A federal employee may maintain a discriminatory employment practice suit such as a class action provided she has exhausted her administrative remedies. *McLaughlin v. Hoffman,* 547 F.2d 918 (5th Cir. 1977).

B.  Exhaustion of administrative process within the agency which has allegedly discriminated against a Title VII Plaintiff is a jurisdictional prerequisite for filing suit in Federal Court. *Swain v. Hoffman,* 547 F.2d 921 (5th Cir. 1977).

C.  One of the purposes behind the exhaustion requirement is to afford the agency an opportunity to remedy a specific grievance. *James v. Rumsfeld*, 580 F.2d 224, 228 (6th Cir. 1978).

D.  A[n] . . . employee who has exhausted his or her administrative remedies may maintain a class action under Title VII of the Civil Rights Act, even though no other member of the class has exhausted administrative remedies; each member of a class not being required to exhaust administrative remedies before Federal Agency and Civil Service Commission as a prerequisite to obtaining judicial review of a discrimination action alleging discrimination in federal employment. *Williams v. Tennessee Valley Authority*, 552 F.2d 691 (6th Cir. 1977).

*Williams* dealt with regulations and the law existing prior to the adoption of the class complaint procedure, presently set forth in 29 C.F.R. 1613.601 et seq.  The Sixth Circuit in *James v. Rumsfeld*, 580 F.2d 224, 228, Note 5 (1978) suggests that it is still sufficient, before bringing a federal class action, to have merely a class representative who has exhausted his individual administrative remedies.  The *James* Court does suggest, however, that "litigants can avoid uncertainty by resorting to the administrative complaint procedure prior to filing a federal class action in a district court."

E.  While this Court would agree that such a procedure would be the "safe and certain" manner in which to proceed, in order to resolve all "exhaustion" questions prior to filing suit, it concludes that such a procedure is *not* a condition precedent to filing a Federal Court class action lawsuit.  If the purpose of the exhaustion doctrine is to alert the agency involved that a complaint of discrimination is being made and to give that agency the opportunity to remedy specific grievances, then such purpose has been adequately accomplished in the situation at bar where *each* of the four individual Plaintiffs has filed a complaint with the agency alleging discriminatory conduct on its part.  The agency, presumably, took note of these complaints and attempted, through law, a process of conciliation or resolution.  What greater notice of an alleged pattern of discrimination could have been presented to an agency than the four individual complaints?  Certainly a class complaint would not have more forcefully brought home the fact that complaints of discriminatory conduct existed.  What greater efforts at conciliation would or could the agency have made if a class complaint were filed than were made as to each of the four individual complaints?  Finally, is it realistic at this point, should this Court sustain the Defendants' motion require the filing of a class complaint with the alleged discriminating agency, to expect that agency to adequately reconcile differences with the class when it was unable to do so with the four individual Plaintiffs?  This Court feels that the answer to the above questions are obvious.

F.  It is to be emphasized that this decision that a class complaint need not be filed with the alleged discriminating agency as a condition precedent for the individual Plaintiffs' filing a class complaint in a Federal District Court must be strictly limited to the facts herein.  This Court stresses that in this case the four individual Plaintiffs, suing as individuals and as representatives of a purported class, *each* filed discrimination complaints with the agency in question.  Such actions were, in this Court's opinion, sufficient to adequately apprise the agency that an alleged pattern of discrimination existed involving female employees, of a given age and (at least with three of the four individual Plaintiffs) a given race as well.

2.  *The Defendants' motion for separate trials on Plaintiffs' individual claims of discrimination for the reason of alleged improper joiner is overruled.*

Having declined to dismiss the class action allegations contained in the Plain-

tiffs' second amended complaint, and, further, noting that the question of class certification remains to be addressed by this Court in subsequent proceedings, the Court deems it inadvisable to grant separate trials on Plaintiffs' individual claims of discrimination for reason of misjoinder. Should the Court decline to certify the class in a subsequent procedure, Defendants' counsel may renew the motion for separate trials. Should the class be certified, however, the Court sees no reason why the four individual Plaintiffs, albeit with somewhat factually different claims of discrimination, cannot represent the class as eventually certified, with resort being made to the use of subclasses wherever necessary. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1124 (5th Cir. 1969) and *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968) ("While it is true as the lower Court points out that there are different factual questions with regard to different employees, it is also true that the 'damoclean threat of a racially discriminatory policy hangs over the racial class [and] is a question of fact, to all members of the class.'")

3. *The Defendants' motion to dismiss all named Defendants and to substitute in their stead Rufus H. Wilson, Acting Administrator of the Veterans Administration, is sustained.*

■ 42 U.S.C. § 2000e–16(c) states, in pertinent part:

"(c) ... an employee ... if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in § 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

The above quoted language clearly indicates that the only party Defendant, based upon the type of allegations contained in the Plaintiffs' second amended complaint, is to be the head of the agency involved. There is no statutory authority for joining individual staff members of said agency.

The Plaintiffs contend, in their memorandum contra on this point, that suits are permitted against public officials who are acting beyond the scope of their statutory or constitutional authority. While this may well be true, *see Petterway v. Veterans Administration Hospital, Houston, Texas,* 495 F.2d 1223, 1225 (1974), the Plaintiffs' second amended complaint, filed April 1, 1981, nowhere specifically states that said official was acting ultra vires to his statutory and constitutional authority.

Should the Plaintiffs wish to amend their complaint to contain these allegations and, in so doing, request that the individual Defendants who have been dismissed herein be reinstated, leave of Court is given said Plaintiffs to file such a request within ten days from date of receipt of notice of this decision.

4. *The Plaintiffs' motion for a preliminary injunction is denied for the reason that the allegations of the second amended complaint, taken as true, fail, as a matter of law, to set forth facts constituting irreparable harm.*

The Court notes that the Plaintiffs have not responded to the Defendants' memorandum in opposition to Plaintiffs' motion for preliminary injunction filed April 28, 1981.

■ Based upon the reasoning and citations of authority contained in the Defendants' memorandum in opposition to Plaintiffs' motion for preliminary injunction, this Court overrules the Plaintiffs' motion for a preliminary injunction, without hearing, for the reason that the allegations of the Plaintiffs' second amended complaint, taken as true for purposes of this motion, do not constitute, as a matter of law, irreparable harm, a finding of which is an absolute condition precedent for granting preliminary relief. *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) and its progeny.

Wherefore, this Court having overruled the Defendants' motion to dismiss the Plaintiffs' class allegations contained in the second amended complaint for the reason that the Court lacks jurisdiction over the subject matter, having overruled the Defendants' motion seeking separate trials on

Plaintiffs' individual claims of discrimination, having dismissed, at Defendants' request, all named Defendants and substituting in their stead, Rufus H. Wilson, Acting Administrator, Veterans Administration, and, finally, having denied the Plaintiffs' motion for preliminary relief, upon the ground that irreparable harm could not be shown, as a matter of law, based upon the allegations in the Plaintiffs' second amended complaint, hereby orders a conference telephone call to take place on Friday, June 12, 1981, at 9:00 a. m. to determine the procedures to follow to determine whether the alleged class in the captioned cause will be certified. A hearing date on the Plaintiffs' motion to certify the class will be established during said conference.