Herbert J. GULLEY, Jr.,
Plaintiff–Appellant,

v.

Verne ORR, Secretary, United States
Department of the Air Force,
Defendant–Appellee.

No. 87–2388.

United States Court of Appeals,
Tenth Circuit.

June 11, 1990.

Michael T. Braswell, Oklahoma City, Okl., for plaintiff-appellant.

William S. Price, U.S. Atty., Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, Okl., and Jay L. Cohen, Major, USAF, Office of the Judge Advocate Gen., Washington, D.C., for defendant-appellee.

Before LOGAN, JONES,* and SEYMOUR, Circuit Judges.

PER CURIAM.

Plaintiff Herbert J. Gulley, Jr. commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, alleging that defendant United States Air Force failed to promote him and subjected him to a series of increasingly severe disciplinary actions, resulting in the termination of Gulley's employment as an aircraft painter at Tinker Air Force Base, because of his race, black, and in retaliation for his assertion of discrimination complaints to the Air Force and a congressman. After trial to the court, the district court entered a verdict in favor of defendant.

■ Gulley appeals, asserting eight grounds for error.[1] He first asserts the trial court erred in dismissing his class action claims due to his failure to exhaust class administrative remedies. Exhaustion of administrative remedies is a prerequisite to filing a Title VII action in federal court. 42 U.S.C. § 2000e–16(c); *see Brown v. General Servs. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). Gulley argues that the exhaustion of his individual administrative remedies was sufficient to enable him to assert the class claims in federal court. Gulley also contends that the district court committed numerous errors in its adjudication of his individual Title VII claims. We disagree and affirm the district court on all grounds.

I

■ Prior to 1977, there was no administrative procedure specifically designed to address class discrimination claims commenced by aggrieved individuals. *See Griffin v. Carlin*, 755 F.2d 1516, 1530 (11th Cir.1985); *James v. Rumsfeld*, 580 F.2d 224, 227–28 (6th Cir.1978). Under these pre–1977 procedures, the exhaustion of individual administrative remedies by one of the named plaintiffs was sufficient to enable the class to pursue a class action in federal court. *See, e.g., Lewis v. Smith*, 731 F.2d 1535, 1540 (11th Cir.1984); *Rumsfeld*, 580 F.2d at 228.

In 1977, in response to judicial criticism that no administrative mechanism existed through which an individual could assert class claims in the context of his own individual discrimination claims, *see generally Barrett v. United States Civil Serv. Comm'n*, 69 F.R.D. 544, 549–52 (D.D.C. 1975), the Civil Service Commission promulgated specific class administrative remedies, 29 C.F.R. §§ 1613.601–.643.[2] *See, e.g., Griffin*, 755 F.2d at 1530–31; *Patton v. Brown*, 95 F.R.D. 205, 207 n. 2 (E.D.Pa. 1982). These class administrative procedures created a detailed scheme markedly different than the administrative mechanism for addressing individual discrimination claims. *See McIntosh v. Weinberger*, 810 F.2d 1411, 1423–25 (8th Cir.1987), *vacated on other grounds*, 487 U.S. 1212, 108

---

* The Honorable Nathaniel R. Jones, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. These class administrative remedies were originally promulgated as 5 C.F.R. §§ 713.601–.643, but are now codified as 29 C.F.R. §§ 1613.-601–.643, as a result of the transfer of authority to enforce equal employment opportunity in the

S.Ct. 2861, 101 L.Ed.2d 898 (1988); *Patton,* 95 F.R.D. at 206–07. In light of the distinct administrative mechanism created specifically to address class claims of discrimination, the weight of authority addressing this issue has held that exhaustion of individual administrative remedies is insufficient to commence a class action in federal court; rather, one of the named plaintiffs must have exhausted class administrative remedies. *McIntosh,* 810 F.2d at 1423–25; *Wade v. Secretary of Army,* 796 F.2d 1369, 1373 (11th Cir.1986); *Lewis,* 731 F.2d at 1540; *Patton,* 95 F.R.D. at 207–08; *Johnson v. Bond,* 94 F.R.D. 125, 127 (N.D.Ill.1982); *Downes v. Adams,* 33 Fair Empl.Prac.Cas. (BNA) 929, 930–31 (E.D.N.Y.1982); *Williams v. United States Postal Serv.,* 33 Fair Empl.Prac.Cas. (BNA) 533, 534–35 (N.D.Ga.1983); *Moore v. Orr,* 33 Fair Empl.Prac.Cas. (BNA) 523 (D.Colo.1982); *Thomas v. United States Postal Serv.,* 33 Fair Empl.Prac.Cas. (BNA) 521, 522–23 (N.D.Cal.1981); *contra Fitzwater v. Veterans Admin.,* 90 F.R.D. 435, 437–38 (S.D.Ohio 1981) (relying on cases prior to 1977 promulgation of class administrative remedies). We agree with the majority and therefore uphold the district court's determination that Gulley's class action claims were barred due to his failure to exhaust class administrative remedies. In light of our holding on this issue, it is unnecessary for us to address plaintiff's other two class action arguments.

## II

Gulley asserts the trial court erred in finding that the disciplinary actions instituted against him were not retaliatory and that the Air Force was not engaging in discrimination when it refused to promote him. This court reviews a trial court's factual findings under a clearly erroneous standard. *See Pitre v. Western Elec. Co.,* 843 F.2d 1262, 1266 (10th Cir.1988). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had

it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)).

■ Gulley asserts two kinds of discrimination cognizable under Title VII: (1) that he was discriminated against because of his race in that the Air Force failed to promote him despite three vacant supervisory positions; and (2) that he was reprimanded and discharged in retaliation for his having complained of discriminatory treatment. *See* 42 U.S.C. §§ 2000e–2, 2000e–3. In each cause of action, Gulley bears the burden of presenting a prima facie case that the Air Force's actions were motivated by unlawful considerations. In each instance the Air Force may prevail by asserting a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See generally Love v. RE/MAX of Am., Inc.,* 738 F.2d 383 (10th Cir.1984) (applying *McDonnell Douglas* prima facie case analysis to Title VII retaliation claim) *and Coe v. Yellow Freight Sys., Inc.,* 646 F.2d 444 (10th Cir.1981) (applying *McDonnell Douglas* analysis to Title VII action for discrimination in promotion decisions). Gulley established a prima facie case for both causes of action; however, in each instance, the Air Force rebutted Gulley's showing with a plausible nondiscriminatory justification for its actions. The district court did not clearly err in its decision to credit the Air Force's version over Gulley's. *See Pitre,* 843 F.2d at 1266.

■ Gulley argues that the Air Force's system of detailing employees to supervisory positions prior to announcing the vacancies and then filling the vacancies with those employees already detailed to those assignments was unlawfully discriminatory under a disparate impact theory. *See Hawkins v. Bounds,* 752 F.2d 500, 502–04 (10th Cir.1985). Because such detailing practices

federal government from the Civil Service Commission to the Equal Employment Opportunity Commission. *See Patton v. Brown,* 95 F.R.D. 205, 207 n. 2 (E.D.Pa.1982). Similarly, individu-

al administrative remedies, previously codified as 5 C.F.R. §§ 713.201–.283, are now codified as 29 C.F.R. §§ 1613.201–.283. *Id.*

have been found to be unlawfully discriminatory, *see id.* at 502–04; *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 494–97 (4th Cir.1981); *Machakos v. Meese,* 647 F.Supp. 1253, 1261 (D.D.C.1986), *aff'd,* 859 F.2d 1487 (D.C.Cir.1988), this court has viewed, and continues to view, detailing practices with suspicion. *See Hawkins,* 752 F.2d at 502–04. Nonetheless, because Gulley failed to present any evidence of the discriminatory effect of defendant's detailing policy, he was not entitled to relief under this theory. *See Thomas v. Metroflight, Inc.,* 814 F.2d 1506, 1509 (10th Cir. 1987) (plaintiff not entitled to relief under disparate impact challenge to a suspect personnel policy where plaintiff failed to produce sufficient evidence of the discriminatory impact of the challenged policy).

■ Gulley next argues that the district court erred in denying his motion for a default judgment, made at the close of trial, alleging that the Air Force failed to answer his second amended complaint. The Air Force concedes its failure to do so. Appellee's Brief at 46. In light of the strong preference for the disposition of litigation on the merits, *see Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970), and the lack of any allegation of prejudice to Gulley, the district court did not abuse its discretion in denying Gulley's motion for default judgment. *See Willner v. Budig,* 848 F.2d 1032, 1035 (10th Cir. 1988), *cert. denied,* — U.S. —, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989).

■ Gulley's final argument on appeal is that the district court erred in quashing two of Gulley's subpoenas. A motion to quash a subpoena is left to the sound discretion of the trial court. *See, e.g., United States v. Peters,* 687 F.2d 1295, 1297 (10th Cir.1982). Upon careful review of the record on appeal, we determine the trial court did not abuse its discretion in quashing the subpoenas.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.