945 F.2d 411
 57 Fair Empl.Prac.Cas. (BNA) 1456
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Beverly J. KACHEL, Plaintiff-Appellant,
v.
The CITY OF PUEBLO, Defendant-Appellee.
 No. 90-1249.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 25, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's judgment in favor of defendant, entered after trial to the court, on plaintiff's claim asserted pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17.[1] On appeal, plaintiff asserts that the district court's determination was contrary to the evidence presented. Reviewing the district court's factual determinations under a clearly erroneous standard, see Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir.1990), we affirm.
 
 
 3
 Plaintiff, an employee of defendant's Department of Housing and Community Development for fifteen years, applied for the vacant position of director of that department. Defendant's city manager did not appoint plaintiff as the department's director, however, and instead promoted to that position a male employee from defendant's finance department. Plaintiff asserted that defendant failed to promote her to the director's position, even though plaintiff was the better qualified candidate, because she was a woman. Plaintiff based her Title VII claim on both a theory of disparate treatment and a theory of disparate impact.
 
 
 4
 Upon careful review of the record, we determine that the evidence presented to the district court supported the trial court's determination and, therefore, the district court's decision was not clearly erroneous. For substantially the reasons stated in the district court's August 2, 1990 order, we AFFIRM the judgment of the United States District Court for the District of Colorado.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court also entered judgment in favor of defendant on plaintiff's second claim, a pendent state law claim for breach of contract. Plaintiff does not challenge this decision on appeal