[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 92-1823

RICHARD A. STREET,

Plaintiff, Appellant,

v.

GEORGE A. VOSE, COMMISSIONER OF CORRECTION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Selya, Cyr and Boudin,
Circuit Judges.

R. A. Street on brief pro se.

Nancy Ankers White, Special Assistant Attorney General, and

Michael H. Cohen, Counsel, Department of Correction, on brief for

appellees.

May 12, 1993

Per Curiam. In a prior appeal in this case, we

vacated the dismissal of appellant's complaint under Fed. R.

Civ. P. 12(b)(6) because it had entered without providing the

plaintiff with notice and an opportunity to oppose or amend.

Street v. Vose, No. 90-1415, slip op. (1st Cir. Mar. 6,

1991). This appeal challenges the entry of summary judgment

in favor of the defendants. We affirm.

I

The appellant, a Massachusetts inmate, sued various

correction officials and officers under 42 U.S.C. 1983

alleging that he was denied constitutionally adequate access

to the courts while confined in the segregation unit of the

Massachusetts Correctional Institution at Cedar Junction

(MCI-CJ).1 After remand, the defendants moved to dismiss,

or, in the alternative, for summary judgment. Appellant's

opposition, like the defendants' motion, was supported by

documentary evidence, and the district court properly treated

the motion as one for summary judgment.

Plaintiff's chief contention is that he was

repeatedly denied access to the separate satellite library

provided for segregated inmates, and access to other library

1. The appellant was housed in this unit for approximately
six months on "awaiting action" status before being
officially classified to the unit in December 1989.
Plaintiff's allegations cover the entire period, and although
both parties make much of the import of these distinctions in
status, for purposes of this discussion, we do not find the
differences of any material relevance.

-2-

materials from the prison's main library, in violation of the

First and Fourteenth Amendments as well as the terms of a

Stipulation of Dismissal (Stipulation) in another case,

Cepulonis v. Fair, No. 78-3233-Z (D. Mass. Jun. 24, 1987).

The Stipulation set forth, inter alia, detailed procedures

regarding segregated inmates' use of the satellite library

and legal materials at MCI-CJ.2 On appeal, appellant has

not pursued any argument with respect to his third cause of

action, which appears to assert state-created rights arguably

inherent in the Stipulation, and, accordingly, that issue has

been waived.

2. As to specific claims that fall within the scope of the
Stipulation, Street alleges that: between December 1988, when
he was formally classified to the segregation unit, and March
1990, he filed 51 requests to use the satellite law library,
but was given timely access only 10 times and otherwise had
to wait up to two weeks before being given access; routinely,
no justification or reason was given as to why timely access
could not be provided; requests were not collected daily, as
required; some written requests were refused or not
processed; volumes and equipment in the library were not
maintained, and the library facility and hours were
insufficient partly because other inmates who were not
classified to the segregation unit, but were housed there,
were allowed to use the satellite law library, thus
effectively denying access to those for whom the satellite
library was intended. Street also contends that of ten
requests for materials from the main library, three were not
processed, and, as to the rest, only a small portion of the
requested materials were received. Of two requests for legal
assistance, one was granted late, and the other was denied.
Finally, copying requests were denied, and necessary books
were unavailable. There are other claims beyond the
Stipulation: that his legal papers were "ransacked" and
stolen, and that favored inmates are allowed frequent use of
the satellite library.

-3-

II

As we observed in our prior ruling, it is

undisputed that inmates seeking release or otherwise

contesting the constitutionality of the conditions of their

confinement possess a right of access to the courts, that is,

the right to "adequate law libraries or adequate assistance

from persons trained in the law." Bounds v. Smith, 430 U.S.

817, 821, 827-28 (1977) (upholding state access-to-the-courts

plan under which, inter alia, inmates not facing court

deadlines might have a month's wait for a library visit).

However, such access is subject to reasonable restrictions:

meaningful access means no more than that the state must

assure an indigent inmate "an adequate opportunity to present

his claims fairly." Id. at 823 (quoting Ross v. Moffitt, 417

U.S. 600, 615-16 (1974)). The relevant inquiry is whether an

inmate has been afforded "a reasonably adequate opportunity

to present claimed violations of fundamental rights to the

courts." Id. at 825 (emphasis added).

Moreover, virtually all circuit courts have read an

injury element into less than total access-denial claims and

required prisoners to shoulder an initial burden of showing

that the deprivation caused some quantum of prejudice with

respect to pending or contemplated litigation. See Strickler

v. Waters, F.2d , & n.10, 1993 WL 86457, *4, *11,

No. 92-6147 (4th Cir. Mar. 26, 1993) (collecting cases). We

-4-

held as much in Sowell v. Vose, 941 F.2d 32, 35 (1st Cir.

1991): Where a prisoner has not been denied complete access

to legal materials, but alleges only restrictions on such

access, "actual injury [is] a prerequisite to recovery."

Thus, unless the deprivation clearly amounts to an absolute,

inherently prejudicial restriction on access (clearly not the

case here), in order to defeat a motion for summary judgment,

"actual injury", i.e., an adverse effect on litigation caused

by the challenged conduct must be sufficiently alleged by the

plaintiff. See id. at 34-35; see also Shango v. Jurich, 965

F.2d 289, 292 (7th Cir. 1992); Crawford-El v. Britton, 951

F.2d 1314, 1321 (D.C. Cir. 1991), cert. denied, 113 S. Ct. 62

(1992). To that end, an affidavit opposing summary judgment

must demonstrate with specifics, and not speculation, how the

challenged conduct caused legal harm. Sowell, 941 F.2d at

35-36.

III

Sowell was decided after our prior ruling in this

case and before defendants' summary judgment motion was

filed. In its accompanying memoranda, however, the

defendants pointed out, citing Sowell, that plaintiff's

complaint had failed to allege that any of the purported

restrictions had prejudiced him in his ability to pursue

this, or any other, lawsuit. The motion was supported by the

affidavit of MCI-CJ Superintendent Duval who attested that,

-5-

since being housed in the segregation unit, the plaintiff

"has used, and continues to use the satellite law library."

Plaintiff's memorandum in opposition stated that

his failure to allege actual prejudice was due to his lack of

legal training and the defendants' restriction on access. He

contended that prejudice was demonstrated by the dismissal of

another named action in February 1990.3 Alternatively,

plaintiff argued that he did not need to show actual

prejudice because the Cepulonis Stipulation controlled

access-denial claims by segregation unit inmates at MCI-CJ

and expressly reserved to inmates the right to bring an

action for damages. Supporting plaintiff's memorandum were

the Stipulation and the affidavits of the plaintiff and seven

other segregation unit inmates each attesting, in identical

fashion, to numerous violations of the Stipulation.4

These profferings by the plaintiff fail to

demonstrate a genuine issue as to actual injury. Appellant,

who is an experienced pro se litigator, does not claim any

3. However, when the opposition was filed, plaintiff knew
that that dismissal had been vacated and the case remanded.
Street v. Maloney, No. 90-1280, slip op. (1st Cir. Dec. 29,

1990).

4. Included were: routine delays of 4-8 days in receiving
access to the satellite library; missing books and torn and
missing pages in many volumes; out-of-date supplements and
pocket parts; delays of several weeks in receiving books from
the main library; typewriter and copier frequently broken;
lack of paper and other supplies.

-6-

delay or interruption in this or any other pending case; he

cites no court-imposed deadlines that he has missed, or that

he has been unable to pursue any legal claim as a result of

any of the alleged deprivations. See Shango, 965 F.2d at

293. At most, he has described some delay in receiving

access to library materials. Such temporary restrictions on

access, bereft of indications of adverse legal consequence,

do not implicate a Bounds right. Chandler v. Baird, 926 F.2d

1057, 1063 (11th Cir. 1991). Further, appellant has

presented well-drafted pleadings to this court, as well as

the district court, demonstrating that he has retained the

ability to "participate meaningfully in the legal process."

Sowell, 941 F.2d at 35. While it is true that the plaintiff

did point to one adverse judgment, it was later vacated, see

ante n.3, and we can find nothing in the record indicating a

prejudicial "causal relationship" between that dismissal, or

any of the alleged deprivations, for that matter, and the

conduct of the defendants. Id.; see also Crawford-El, 951

F.2d at 1321; Chandler, 926 F.2d at 1062.5

IV

The Stipulation itself, however, does not, as

appellant appears to contend, afford an independent basis of

5. Because we decide that the plaintiff has failed to meet
the initial burden to show prejudice, we need not address the
degree to which any restrictions on access to legal materials
are related to legitimate penological interests. Turner v.

Safley, 482 U.S. 78, 89 (1987).

-7-

relief from asserted violations of the right of access to the

courts. See Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th

Cir. 1986). The Cepulonis litigation that ultimately spawned

the Stipulation at issue here was a class action initiated by

segregation unit inmates at MCI-CJ (then MCI-Walpole) to

vindicate Bounds rights. See Cepulonis v. Fair, 732 F.2d 1,

2 (1st Cir. 1984). And while the Stipulation states that its

procedures provide "adequate access to the courts," we have

not had occasion to decide whether the terms of the

Stipulation are constitutionally required, and offer no

opinion in that regard. Even assuming that the provisions of

the Stipulation were intended to meet no more than minimal

constitutional requirements regarding segregated inmate

access to the courts, we would still find the grant of

summary judgment to the defendants proper: The evidence

offered by the plaintiff concerning any violations of the

Stipulation suffers from the same infirmity described in our

discussion above - - - the failure to demonstrate a

sufficient quantum of prejudice to permit the case to proceed

further.6

6. To the extent that the plaintiff simply seeks to enforce
the Stipulation, he may not do so directly under 1983.
DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green,

788 F.2d at 1123; cf. Welch v. Spangler, 939 F.2d 570, 572

n.2 (8th Cir. 1991) (district court proceeding included both
1983 and contempt actions). The district court that
approved the Cepulonis Stipulation inherently retains

jurisdiction to enforce its own consent decree, see In re

Donald Pearson, F.2d , No. 92-2158, slip op. at 9

-8-

Thus, because the record presents no material

factual dispute that the appellant, while housed in the

segregation unit during the times in question, was denied

meaningful access to the courts, the defendants' motion for

summary judgment was properly granted.

V

We also find no abuse of discretion in the denial

of the plaintiff's motion for the district judge's recusal.

Merely issuing unfavorable rulings, Lisa v. Fournier Marine

Corp., 866 F.2d 530, 532 (1st Cir.), cert. denied, 493 U.S.

819 (1989), or taking other judicial action during the course

of proceedings cannot form the basis of a disqualification

claim absent a showing of personal bias, United States v.

Chantal, 902 F.2d 1018, 1022-23 & n.9 (1st Cir. 1990), an

assertion not made here. Nor was district court's refusal to

grant a default judgment in favor of the plaintiff an abuse

of discretion. See Gulley v. Orr, 905 F.2d 1383, 1386 (10th

Cir. 1990) (absent a showing of prejudice, there is a strong

preference for a disposition on the merits); Richman v.

General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1977).

Finally, appellant complains that he was excluded from two

status conferences. While such ex parte proceedings are

(1st Cir. Mar. 16, 1993), and parties with standing to do so
may seek compliance in that court. See, e.g., Consumer

Advisory Bd. v. Glover, F.2d , , No. 92-1550, slip

op. at 3-4 (1st Cir, Mar. 31, 1993).

-9-

disfavored, see Oses v. Massachusetts, 961 F.2d 985, 986 (1st

Cir. 1992); In re Donald Pearson, F.2d , No. 92-

2158, slip op. at 16 (1st Cir. Mar. 16, 1993), the ex parte

contacts here caused no perceivable harm. See id. slip op.

at 17; Grieco v. Meachum, 533 F.2d 713, 719 (1st Cir.), cert.

denied, 429 U.S. 858 (1976).

The judgment of the district court is affirmed.

-10-