USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1823 RICHARD A. STREET, Plaintiff, Appellant, v. GEORGE A. VOSE, COMMISSIONER OF CORRECTION, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ R. A. Street on brief pro se. ____________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Michael H. Cohen, Counsel, Department of Correction, on brief for _________________ appellees. ____________________ May 12, 1993 ____________________ Per Curiam. In a prior appeal in this case, we __________ vacated the dismissal of appellant's complaint under Fed. R. Civ. P. 12(b)(6) because it had entered without providing the plaintiff with notice and an opportunity to oppose or amend. Street v. Vose, No. 90-1415, slip op. (1st Cir. Mar. 6, ______ ____ 1991). This appeal challenges the entry of summary judgment in favor of the defendants. We affirm. I I _ The appellant, a Massachusetts inmate, sued various correction officials and officers under 42 U.S.C. 1983 alleging that he was denied constitutionally adequate access to the courts while confined in the segregation unit of the Massachusetts Correctional Institution at Cedar Junction (MCI-CJ).1 After remand, the defendants moved to dismiss, or, in the alternative, for summary judgment. Appellant's opposition, like the defendants' motion, was supported by documentary evidence, and the district court properly treated the motion as one for summary judgment. Plaintiff's chief contention is that he was repeatedly denied access to the separate satellite library provided for segregated inmates, and access to other library ____________________ 1. The appellant was housed in this unit for approximately six months on "awaiting action" status before being officially classified to the unit in December 1989. Plaintiff's allegations cover the entire period, and although both parties make much of the import of these distinctions in status, for purposes of this discussion, we do not find the differences of any material relevance. -2- materials from the prison's main library, in violation of the First and Fourteenth Amendments as well as the terms of a Stipulation of Dismissal (Stipulation) in another case, Cepulonis v. Fair, No. 78-3233-Z (D. Mass. Jun. 24, 1987). _________ ____ The Stipulation set forth, inter alia, detailed procedures _____ ____ regarding segregated inmates' use of the satellite library and legal materials at MCI-CJ.2 On appeal, appellant has not pursued any argument with respect to his third cause of action, which appears to assert state-created rights arguably inherent in the Stipulation, and, accordingly, that issue has been waived. ____________________ 2. As to specific claims that fall within the scope of the Stipulation, Street alleges that: between December 1988, when he was formally classified to the segregation unit, and March 1990, he filed 51 requests to use the satellite law library, but was given timely access only 10 times and otherwise had to wait up to two weeks before being given access; routinely, no justification or reason was given as to why timely access could not be provided; requests were not collected daily, as required; some written requests were refused or not processed; volumes and equipment in the library were not maintained, and the library facility and hours were insufficient partly because other inmates who were not classified to the segregation unit, but were housed there, were allowed to use the satellite law library, thus effectively denying access to those for whom the satellite library was intended. Street also contends that of ten requests for materials from the main library, three were not processed, and, as to the rest, only a small portion of the requested materials were received. Of two requests for legal assistance, one was granted late, and the other was denied. Finally, copying requests were denied, and necessary books were unavailable. There are other claims beyond the Stipulation: that his legal papers were "ransacked" and stolen, and that favored inmates are allowed frequent use of the satellite library. -3- II II __ As we observed in our prior ruling, it is undisputed that inmates seeking release or otherwise contesting the constitutionality of the conditions of their confinement possess a right of access to the courts, that is, the right to "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. ______ _____ 817, 821, 827-28 (1977) (upholding state access-to-the-courts plan under which, inter alia, inmates not facing court _____ ____ deadlines might have a month's wait for a library visit). However, such access is subject to reasonable restrictions: meaningful access means no more than that the state must assure an indigent inmate "an adequate opportunity to present his claims fairly." Id. at 823 (quoting Ross v. Moffitt, 417 ___ ____ _______ U.S. 600, 615-16 (1974)). The relevant inquiry is whether an inmate has been afforded "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." Id. at 825 (emphasis added). ______ ___ Moreover, virtually all circuit courts have read an injury element into less than total access-denial claims and required prisoners to shoulder an initial burden of showing that the deprivation caused some quantum of prejudice with respect to pending or contemplated litigation. See Strickler ___ _________ v. Waters, ___ F.2d ___, ___ & n.10, 1993 WL 86457, *4, *11, ______ No. 92-6147 (4th Cir. Mar. 26, 1993) (collecting cases). We -4- held as much in Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. ______ ____ 1991): Where a prisoner has not been denied complete access to legal materials, but alleges only restrictions on such access, "actual injury [is] a prerequisite to recovery." Thus, unless the deprivation clearly amounts to an absolute, inherently prejudicial restriction on access (clearly not the case here), in order to defeat a motion for summary judgment, "actual injury", i.e., an adverse effect on litigation caused by the challenged conduct must be sufficiently alleged by the plaintiff. See id. at 34-35; see also Shango v. Jurich, 965 ___ ___ ___ ____ ______ ______ F.2d 289, 292 (7th Cir. 1992); Crawford-El v. Britton, 951 ___________ _______ F.2d 1314, 1321 (D.C. Cir. 1991), cert. denied, 113 S. Ct. 62 _____ ______ (1992). To that end, an affidavit opposing summary judgment must demonstrate with specifics, and not speculation, how the challenged conduct caused legal harm. Sowell, 941 F.2d at ______ 35-36. III III ___ Sowell was decided after our prior ruling in this ______ case and before defendants' summary judgment motion was filed. In its accompanying memoranda, however, the defendants pointed out, citing Sowell, that plaintiff's ______ complaint had failed to allege that any of the purported restrictions had prejudiced him in his ability to pursue this, or any other, lawsuit. The motion was supported by the affidavit of MCI-CJ Superintendent Duval who attested that, -5- since being housed in the segregation unit, the plaintiff "has used, and continues to use the satellite law library." Plaintiff's memorandum in opposition stated that his failure to allege actual prejudice was due to his lack of legal training and the defendants' restriction on access. He contended that prejudice was demonstrated by the dismissal of another named action in February 1990.3 Alternatively, plaintiff argued that he did not need to show actual prejudice because the Cepulonis Stipulation controlled _________ access-denial claims by segregation unit inmates at MCI-CJ and expressly reserved to inmates the right to bring an action for damages. Supporting plaintiff's memorandum were the Stipulation and the affidavits of the plaintiff and seven other segregation unit inmates each attesting, in identical fashion, to numerous violations of the Stipulation.4 These profferings by the plaintiff fail to demonstrate a genuine issue as to actual injury. Appellant, who is an experienced pro se litigator, does not claim any ___ __ ____________________ 3. However, when the opposition was filed, plaintiff knew that that dismissal had been vacated and the case remanded. Street v. Maloney, No. 90-1280, slip op. (1st Cir. Dec. 29, ______ _______ 1990). 4. Included were: routine delays of 4-8 days in receiving access to the satellite library; missing books and torn and missing pages in many volumes; out-of-date supplements and pocket parts; delays of several weeks in receiving books from the main library; typewriter and copier frequently broken; lack of paper and other supplies. -6- delay or interruption in this or any other pending case; he cites no court-imposed deadlines that he has missed, or that he has been unable to pursue any legal claim as a result of any of the alleged deprivations. See Shango, 965 F.2d at ___ ______ 293. At most, he has described some delay in receiving access to library materials. Such temporary restrictions on access, bereft of indications of adverse legal consequence, do not implicate a Bounds right. Chandler v. Baird, 926 F.2d ______ ________ _____ 1057, 1063 (11th Cir. 1991). Further, appellant has presented well-drafted pleadings to this court, as well as the district court, demonstrating that he has retained the ability to "participate meaningfully in the legal process." Sowell, 941 F.2d at 35. While it is true that the plaintiff ______ did point to one adverse judgment, it was later vacated, see ___ ante n.3, and we can find nothing in the record indicating a ____ prejudicial "causal relationship" between that dismissal, or any of the alleged deprivations, for that matter, and the conduct of the defendants. Id.; see also Crawford-El, 951 ___ ___ ____ ___________ F.2d at 1321; Chandler, 926 F.2d at 1062.5 ________ IV IV __ The Stipulation itself, however, does not, as appellant appears to contend, afford an independent basis of ____________________ 5. Because we decide that the plaintiff has failed to meet the initial burden to show prejudice, we need not address the degree to which any restrictions on access to legal materials are related to legitimate penological interests. Turner v. ______ Safley, 482 U.S. 78, 89 (1987). ______ -7- relief from asserted violations of the right of access to the courts. See Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th ___ _____ ________ Cir. 1986). The Cepulonis litigation that ultimately spawned _________ the Stipulation at issue here was a class action initiated by segregation unit inmates at MCI-CJ (then MCI-Walpole) to vindicate Bounds rights. See Cepulonis v. Fair, 732 F.2d 1, ______ ___ _________ ____ 2 (1st Cir. 1984). And while the Stipulation states that its procedures provide "adequate access to the courts," we have not had occasion to decide whether the terms of the Stipulation are constitutionally required, and offer no opinion in that regard. Even assuming that the provisions of the Stipulation were intended to meet no more than minimal constitutional requirements regarding segregated inmate access to the courts, we would still find the grant of summary judgment to the defendants proper: The evidence offered by the plaintiff concerning any violations of the Stipulation suffers from the same infirmity described in our discussion above - - - the failure to demonstrate a sufficient quantum of prejudice to permit the case to proceed further.6 ____________________ 6. To the extent that the plaintiff simply seeks to enforce the Stipulation, he may not do so directly under 1983. DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green, _______ ____ _____ 788 F.2d at 1123; cf. Welch v. Spangler, 939 F.2d 570, 572 ___ _____ ________ n.2 (8th Cir. 1991) (district court proceeding included both 1983 and contempt actions). The district court that approved the Cepulonis Stipulation inherently retains _________ jurisdiction to enforce its own consent decree, see In re ___ _____ Donald Pearson, ___ F.2d ___, ___ No. 92-2158, slip op. at 9 ______________ -8- Thus, because the record presents no material factual dispute that the appellant, while housed in the segregation unit during the times in question, was denied meaningful access to the courts, the defendants' motion for summary judgment was properly granted. V V _ We also find no abuse of discretion in the denial of the plaintiff's motion for the district judge's recusal. Merely issuing unfavorable rulings, Lisa v. Fournier Marine ____ ________________ Corp., 866 F.2d 530, 532 (1st Cir.), cert. denied, 493 U.S. _____ _____ ______ 819 (1989), or taking other judicial action during the course of proceedings cannot form the basis of a disqualification claim absent a showing of personal bias, United States v. ______________ Chantal, 902 F.2d 1018, 1022-23 & n.9 (1st Cir. 1990), an _______ assertion not made here. Nor was district court's refusal to grant a default judgment in favor of the plaintiff an abuse of discretion. See Gulley v. Orr, 905 F.2d 1383, 1386 (10th ___ ______ ___ Cir. 1990) (absent a showing of prejudice, there is a strong preference for a disposition on the merits); Richman v. _______ General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1977). _____________________ Finally, appellant complains that he was excluded from two status conferences. While such ex parte proceedings are __ _____ ____________________ (1st Cir. Mar. 16, 1993), and parties with standing to do so may seek compliance in that court. See, e.g., Consumer ___ ____ ________ Advisory Bd. v. Glover, ___ F.2d ____, ___, No. 92-1550, slip ____________ ______ op. at 3-4 (1st Cir, Mar. 31, 1993). -9- disfavored, see Oses v. Massachusetts, 961 F.2d 985, 986 (1st ___ ____ _____________ Cir. 1992); In re Donald Pearson, ___ F.2d ___, ___ No. 92- ____________________ 2158, slip op. at 16 (1st Cir. Mar. 16, 1993), the ex parte __ _____ contacts here caused no perceivable harm. See id. slip op. ___ ___ at 17; Grieco v. Meachum, 533 F.2d 713, 719 (1st Cir.), cert. ______ _______ _____ denied, 429 U.S. 858 (1976). ______ The judgment of the district court is affirmed. ________ -10-