Robert SOWELL, Plaintiff, Appellant,

v.

George VOSE, et al., Defendants, Appellees.

No. 91–1034.

United States Court of Appeals, First Circuit.

Submitted May 5, 1991.

Decided Aug. 6, 1991.

Robert Sowell, on brief, pro se.

Nancy Ankers White, Sp. Asst. Atty. Gen., and Robert G. Brown, Counsel, Dept. of Correction, on Motion for Summary Disposition, for defendants, appellees.

Before BREYER, Chief Judge,
CAMPBELL and SELYA, Circuit Judges.

PER CURIAM.

The appellant, Robert Sowell, is a prisoner at the Massachusetts Correctional Institution in Cedar Junction. Sowell's *pro se* complaint, which he supported with a number of affidavits and other documents, alleged that his constitutional right of access

to the courts was infringed when prison officials restricted his access to certain "legal property."[1] Sowell alleged two such deprivations. In the first instance, prison officials searched his cell and confiscated some "legal property" located there, removing it to the prison property room where it has been stored pursuant to a Department of Correction regulation that limits the amount of property a prisoner may keep in his cell. 103 C.M.R. 403.09. Sowell, however, apparently was able to obtain sporadic access to this "legal property," albeit after encountering delays.

The second alleged deprivation occurred when prison authorities refused to allow Sowell to gain access to "legal property" that had been stored in the property room under the name of another inmate (who had been helping Sowell, an illiterate, with his litigation). Because he was denied access to this property, Sowell was forced to seek and obtain, from this court, several extensions of the time in which to file a brief in an otherwise unrelated appeal. Although the complaint was confusing (and even contradictory) on this point, the supporting affidavits showed that Sowell eventually did gain access to these documents on at least one occasion, when he discovered that "certain documents pertaining to issues mentioned in this complaint" were missing. An affidavit identified the missing documents as consisting of "notes" and "certain briefs," but their contents and significance were not described anywhere in the record in any greater detail.

The district court granted summary judgment to the defendants. It acknowledged that prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977), and that the right of access can be violated when prison staff deny inmates access to legal papers, *see, e.g. Simmons v. Dickhaut,* 804 F.2d 182 (1st Cir.1986) (per curiam), but ruled

---

1. The complaint does not describe the "legal property" other than to suggest that it consisted at least in part of documents. The district court called the property at issue "legal papers." The supporting documents suggest, and for purposes of this appeal we will assume, that by "legal property" Sowell was referring to research materials, briefs, memoranda, court filings and other papers he used in the pursuit of the many lawsuits in which he was and is involved.

that a plaintiff in such cases "must show actual injury, that is, an instance where he was denied meaningful access to the courts," and concluded that Sowell had not done so here.

This court has not yet determined whether or when a plaintiff who alleges a denial of his right to access to the courts must plead and prove the existence of an "actual injury." *See Messere v. Fair*, 752 F.Supp. 48, 52 (D.Mass.1990) citing *Cepulonis v. Fair*, 732 F.2d 1, 5 (1st Cir.1984) ("assuming without deciding that a showing of prejudice is required"). Among those courts that have directly confronted the question, none has stated absolutely that an "actual injury" either must or need not be shown in every case in which access to the courts is at issue. Rather, the courts have found that an "actual injury" is a prerequisite to recovery in some cases, but not in others. They have distinguished between the two groups of cases either by dividing the specific deprivations involved into relatively well-defined classes, some of which must be accompanied by a showing of an actual injury and others not, *see, e.g.*, *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); *Peterkin v. Jeffes*, 855 F.2d 1021, 1041–42 (3d Cir.1988), or by locating them along a "deprivation spectrum." *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir.1991). *See also Messere v. Fair*, 752 F.Supp. at 51 n. 5. Whatever the structure of their approach, the key to the courts' analysis has been the degree to which the cases before them implicated the core value identified by the Supreme Court in *Bounds v. Smith:* the prisoner's ability to participate meaningfully in the legal process by gaining sufficient access to legal knowledge or assistance, "whether in the form of an accessible or adequate law library, court-appointed or other attorneys or para-professionals, or some combination of legal resources." *Peterkin v. Jeffes*, 855 F.2d at 1041.

■ In some cases, the courts have found, the "prejudice inheres in the facts." *Chandler v. Baird*, 926 F.2d at 1063. Thus, where "the challenge is systemic, embracing the basic adequacy of materials and legal assistance made available to all or subgroups of the prison population ... [or where] the conditions challenged obviously go to the heart of any meaningful access to libraries, counsel, or courts," *id.*, imposition of an "actual injury" requirement would be superfluous. A prisoner need not show that the deprivation caused him an independent injury where the deprivation is so significant as to constitute an injury in and of itself.

On the other hand, in cases involving "ancillary features," such as library schedules, the provision of notary services and the availability of supplies (such as papers, pens and pencils), the deprivation "may affect merely comfort or convenience without depriving a prisoner of access to the courts. A court cannot make the assumption that any alleged administrative deficiency or less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers." *Peterkin v. Jeffes*, 855 F.2d at 1041. In such cases, where direct access to legal knowledge or assistance is not at stake, "an actual injury test can be helpful in determining whether an unconstitutional abridgment of access to the courts has occurred." *Id.*

■ While the concerns implicated by Sowell's complaint lie at neither extreme on the "deprivation spectrum," we think they fall comfortably within the range in which the court can and should require the prisoner to show an actual injury as a prerequisite to recovery. It may be true that a prisoner's "legal property" (to the extent that it consists of his research notes, court documents and the like) is "core material[ ], central to his right of access to the courts," *Roman v. Jeffes*, 904 F.2d 192, 198 (3d Cir.1990), but that fact alone does not make every regulation of access to such property inherently prejudicial, any more than the indisputably "core" status of a prison law library makes every restriction on access to it an inherently injurious act. *See Cookish v. Cunningham*, 787 F.2d 1, 5 (1st Cir. 1986) (per curiam) (limitation of access to prison library during brief quarantine period was not actionable in absence of allegation of specific harm).

■ An *absolute* denial of access to *all* legal materials, like an absolute denial of access to a law library or other basic form of legal assistance, might be deemed inherently prejudicial, but this case does not involve such an unqualified deprivation. On the other hand, it would be unrealistic to expect prison authorities to give all prisoners unfettered access to all of their legal materials at all times. It is a fact of life that prisoners live in prison cells. Their warders therefore may have good reason, based on considerations of safety and security, to limit the amount of legal documents and similar materials that prisoners may keep with them; if they implement those regulations fairly, the prisoners subject to the regulations will still be able to participate meaningfully in the legal process. Thus, where a prisoner, like Sowell, does not allege an absolute deprivation of access to all of his legal materials, but rather complains about some sort of conditional restriction of access to some of them, we think it fair to require him to show an "actual injury" as a prerequisite to recovery.

The question, then (since this appeal asks us to review a grant of summary judgment), is whether Sowell has established a genuine issue as to the existence of an actual injury; that is, "whether a fair-minded jury could return a verdict in his favor" on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The papers submitted to the district court reveal only three potential sources of injury. The first was the delay Sowell encountered in gaining access to documents which he apparently needed to consult in order to craft his appellate brief to this court in the unrelated matter mentioned above. According to the documents attached to the complaint, however, the delays merely caused Sowell to seek several extensions of time in which to file the brief. Since the papers also positively disclose that Sowell obtained the requested delays, we can find no evidence from which to infer the existence of an actual, meaningful impediment to Sowell's participation in the appellate process.

■ Second, Sowell alleged that several documents were missing from the boxes kept in the prison property room. Missing documents do, in a sense, constitute an "absolute" deprivation—the prisoner can never gain access to documents which cannot be found. The deprivation here, however, while arguably absolute, was clearly not complete. That is to say, the prison officials did not lose all of Sowell's "legal property," but only certain portions of it. The loss of a few documents is not inherently prejudicial. Absent some further showing that the loss of those particular documents deprived Sowell of the ability to participate meaningfully in the legal process, a court cannot say that a constitutional deprivation has occurred.

Finally, Sowell made the unadorned allegation that his appeal to the Massachusetts Appeals Court, in a case called *Sowell v. Gilligan*, was dismissed shortly before the complaint in this case was filed. The Appeals Court decision, which Sowell attached to his complaint as an exhibit, stated as grounds for the dismissal Sowell's failure to file a timely notice of appeal. The notice of appeal was due on March 27, 1989. Sowell alleged elsewhere in his complaint that prison officials removed "legal property" from his cell in early February 1989.

■ One could, conceivably, infer from the juxtaposition of the two dates that the removal of the property caused Sowell's failure to meet the filing deadline. But Sowell was not entitled to rely on such speculative indulgences in resisting a motion for summary judgment. As to issues on which he bore the burden of proof, he was required to "reliably demonstrate that specific facts sufficient to create an actual dispute exist." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S.Ct. at 2512 ("mere existence of a scintilla of evidence" in support of plaintiff's position is insufficient). If a causal relationship existed between the removal of the property and the dismissal of the state court appeal, Sowell could and should have articulated its basis, stating

36

how the "legal property" of which he was deprived was relevant to or necessary for the state court appeal, and how the deprivation of those materials caused him to miss the filing deadline. "Such facts are presumably best known to [Sowell] and, consequently, asking him to include them in his complaint [or in a supporting affidavit], so as to survive a motion for summary judgment, is not too onerous a burden to require him to bear." *Hossman v. Spradlin,* 812 F.2d 1019, 1022 (7th Cir.1987).

The judgment of the district court is *affirmed.*