949 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Russell CLAY, Jr., Plaintiff-Appellant,
v.
Major SMITH; Captain Mann; Mr. Rylance, Classification
Head; Bill R. Overman, prior Sheriff, Defendants-Appellees,
and
Frank Drew, Sheriff of VA Beach, Defendant.
 No. 91-7645.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 19, 1991.
Decided Dec. 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-91-84-N).
 Albert Russell Clay, Jr., appellant pro se.
 Conrad Moss Shumadine, John Stephen Wilson, Willcox & Savage, Norfolk, Va., for appellees.
 E.D.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before DONALD RUSSELL, K.K. HALL and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Russell Clay, Jr., a Virginia prisoner, appeals from an order of the district court granting summary judgment for the Defendants on Clay's claims under 42 U.S.C. § 1983 (1988). For the reasons stated more fully below we affirm the bulk of the district court's order, though we vacate portions of the order and remand certain claims for further consideration.
 
 
 2
 Clay was housed at the Virginia Beach Correctional Center ("VBCC") from September 7, 1988, to August 3, 1989.[1] Clay is currently incarcerated at the Bland Correctional Center. Clay filed a complaint under § 1983 alleging various claims of denial of access to the courts, denial of due process, and denial of good time credits relating to the period of his incarceration at VBCC. After briefing by both sides, the district court granted summary judgment for the Defendants on all claims.
 
 
 3
 Because Clay was transferred from VBCC before this complaint was filed his claims for declaratory and injunctive relief are moot. See Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir.1983); Inmates v. Owens, 561 F.2d 560, 562 (4th Cir.1977). The chance of Clay being returned to VBCC in the future is too speculative to create a valid case or controversy. Consequently, only his claims for damages remain.
 
 
 4
 The First and Fourteenth Amendments provide state prisoners a right of access to the courts. See Wolff v. McDonnell, 418 U.S. 539 (1974). A preliminary issue is to what extent a prisoner alleging interference with his right of access to the courts must also allege actual harm. This question has provoked different answers from the various courts. See Sowell v. Vose, 941 F.2d 32, 34 (1st Cir.1991) (summarizing cases). Generally, the more the claims at issue in a particular case implicate the core values in Bounds v. Smith, 430 U.S. 817 (1977), the less a plaintiff must show actual injury. Sowell, 941 F.2d at 34. Thus, courts have held that where "the challenge is systemic, embracing the basic adequacy of materials and legal assistance made available" to inmates, "prejudice inheres in the facts," Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir.1991), and a showing of actual injury would be "superfluous," Sowell, 941 F.2d at 34. By contrast, where a claim only involves " 'ancillary features' such as library schedules, the provision of notary services and the availability of supplies (such as papers, pens and pencils)," a court cannot necessarily assume that the deprivation impedes a prisoner's ability to file meaningful legal papers and in such cases a showing of actual injury is required. Id.
 
 
 5
 In the present case, Clay filed two documents specifically setting forth allegations of harm. In his "Supplemental Motion to Show Injury" Clay alleged that he was entitled to $5000 in proceeds from an insurance policy and that he had been unable to recover this money because of the inadequate access to the courts. He further alleged that he was entitled to reimbursement of $30,000 in bond money that had been erroneously forfeited because he was unaware that he needed to file a motion for remission of bond. He also alleged that his interest in a boat, valued at $5000, was lost due to his inability to adequately pursue his claim. In an affidavit Clay filed in opposition to the Defendants' Motion for Summary Judgment, Clay repeated these allegations and also stated that he lost "a simple false arrest and malicious prosecution" case because he was unable to discover the applicable statute of limitations before it was too late. In addition, though the claim is stated only generally in the affidavit, Clay contends that the inadequate legal facilities prevented him from discovering a valid double jeopardy claim which he now may be barred from bringing due to abuse of the writ problems.
 
 
 6
 With these considerations in mind we turn to Clay's specific claims. Clay argues that the Defendants interfered with his right of access to the courts by: 1) maintaining an inadequate law library; 2) failing to comply with Va.Code.Ann. § 53.1-40 (Michie 1991) allowing appointment of attorneys to assist prisoners; 3) prohibiting inmates from assisting each other with legal pleadings; 4) failing to provide supplies 5) limiting phone privileges; 6) failing to maintain a legal mail log; and 7) limiting his access to the library.
 
 
 7
 Prison officials are required to provide prisoners with adequate access to a law library or to persons trained in the law. Bounds, 430 U.S. at 828. Clay alleged that the VBCC law library contained an inadequate selection of materials.[2] The district court denied relief, finding that the VBCC library was adequate and that it was supplemented by an additional library from which inmates could request materials.
 
 
 8
 An affidavit supplied by the Defendants sets forth the contents of the library The library does not contain any of the federal reporters, except for eight assorted paper-bound advance volumes of the Federal Reporter Second and Federal Supplement. Nor does the library contain reporters covering Virginia decisions In addition, the only copy of the United States Code in the library is incomplete and now twenty-one years out of date. We conclude that as a matter of law the absence of the Federal Reporter, the Federal Supplement and the United States Reports renders the VBCC library constitutionally inadequate. See, e.g., Bounds, 430 U.S. at 819-20 n. 4; Cruz v. Hauck, 627 F.2d 710 (5th Cir.1980). The fact that these volumes might be available upon specific request from another library does not cure the deficiency. Williams, 584 F.2d at 1339; Hooks v. Wainwright, 536 F.Supp. 1330, 1342 (M.D.Fla.1982), rev'd on other grounds, 775 F.2d 1433 (11th Cir.1985), cert. denied, 479 U.S. 913 (1986).
 
 
 9
 Because this type of claim is a "systemic" one, it is unclear that Clay need make a showing of actual injury. However, even if such a showing were required we believe that Clay's allegations of harm are sufficient to survive summary judgment.
 
 
 10
 Accordingly, we vacate the denial of relief on this claim and remand it to the district court for further consideration.
 
 
 11
 Clay's third claim is that the Defendants' policy of prohibiting inmates from assisting each other with their legal matters denies him access to the courts. The district court held that only illiterate or ignorant inmates are entitled to assistance from other inmates, and that, in any event, because the library was adequate the Defendants were not required to provide access to legal assistants. Since we conclude that the library is inadequate, the sole issue is whether the district court properly required illiteracy or ignorance before allowing assistance by fellow inmates.
 
 
 12
 In Johnson v. Avery, 393 U.S. 483, 490 (1969), the court held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of" pleadings, the state could not enforce a regulation prohibiting inmates from assisting each other. The Court noted the adverse impact such a rule would have on inmates who are "totally or functionally illiterate, whose educational attainments are slight, and whose intelligence is limited." Id. at 487. We believe that this language was intended to illuminate the harm of the challenged regulation in Johnson, not to limit the holding. We find support for this conclusion in recent court decisions discussing Johnson claims which made no reference to illiteracy or ignorance. See, e.g., Wolff, 418 U.S. at 577-80; Munz v. Nix, 908 F.2d 267, 268 n. 3 (8th Cir.1990); Kunzelman v. Thompson, 799 F.2d 1172, 1178-79 (7th Cir.1986); Adams v. James, 784 F.2d 1077, 1081 (11th Cir.1986). We vacate the denial of relief on this claim and remand it to the district court for further consideration.[3]
 
 
 13
 We affirm the denial of relief on Clay's claim concerning Va.
 
 
 14
 Code.Ann. § 53.1-40 on the reasoning of the district court. Likewise, we affirm the denial of relief on the claim concerning paper, pens, and copies, and the claim concerning absence of a mail log, because Clay's allegations of damages demonstrate that the absence of these items was not the source of any of the alleged harm.
 
 
 15
 Though the limits of a prisoner's right of access to telephones have not been firmly delineated, it is clear that the amount of access provided by VBCC is more than sufficient. See Wooden v. Norris, 637 F.Supp. 543, 552-58 (M.D.Tenn.1986) (surveying cases). Accordingly, we affirm the denial of relief on this claim.
 
 
 16
 Clay's final denial of access to the courts claim concerns his alleged exclusion from the law library from November 1988 to December 20, 1988. The district court dismissed this claim as time barred, or in the alternative because he had failed to demonstrate harm.
 
 
 17
 Where a prisoner is denied access to an adequate library for only a limited period of time he must show that he was actually harmed. See Magee v. Waters, 810 F.2d 451 (4th Cir.1987). Clay's allegations of harm do not demonstrate that this particular alleged period of total denial of access to the library resulted in any particular harm. Accordingly, we affirm the denial of relief on this claim.
 
 
 18
 The bulk of Clay's remaining claims arises from an incident where he was charged with removing a book from the law library. Clay contends instead that the book was his, and that the Defendants wrongly removed it from his possession.
 
 
 19
 To the extent that Clay contends he was deprived of property without due process we affirm the district court's decision that relief is barred by Hudson v. Palmer, 468 U.S. 517 (1984). To the extent that he contends removal of the book interfered with his access to the courts, see Morello v. James, 810 F.2d 344, 346-48 (2d Cir.1987) (where claim is that by taking inmate's property defendants interfered with right of access to the courts Parratt and Hudson analysis is inapplicable), we find that Clay has not alleged that the denial of that one book caused any actual harm. Accordingly, we affirm the denial of relief on this claim. We affirm the denial of relief on the remainder of Clay's claims arising from the book incident on the reasoning of the district court.
 
 
 20
 Clay's final claim is that he was improperly denied good time credit for the time he spent in VBCC. The district court dismissed this claim, holding that it must be brought pursuant to 28 U.S.C. § 2254 (1988) since it seeks restoration of good time credit. Clay contends that he has already filed a habeas petition on this issue and that the present action does not seek good time credit itself, but damages for the wrongful denial.
 
 
 21
 In the event that Clay prevails on his good time credit claim in his pending habeas action he might be entitled to nominal damages on the present claim. See Carey v. Piphus, 435 U.S. 247, 266 (1978). Accordingly, we vacate the dismissal of this claim and remand it to the district court. The district court should then stay consideration of the damages claim until it has resolved the habeas petition.
 
 
 22
 In conclusion, we vacate the order granting summary judgment to the Defendants on Clay's claim that the library at VBCC is inadequate and that the jail's policy of denying inmate legal assistance interferes with access to the courts. We remand these claims to the district court for further consideration. We also vacate the dismissal of the claim for damages arising from the denial of good time credits. We affirm the award of summary judgment on the remainder of Clay's claims.
 
 
 23
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 24
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Clay contends that he was incarcerated at VBCC from June 13, 1988, to August 3, 1989. Because this factual dispute is not material to any of the issues in this case it need not be resolved
 
 
 [2]
 Because the Defendants do not contend that attorneys are provided to assist inmates with legal matters, the adequacy of the library is determinative. Williams v. Leeke, 584 F.2d 1336 (4th Cir.1978), cert. denied, 442 U.S. 911 (1979)
 
 
 [3]
 In light of the Supreme Court's subsequent holding in Bounds that states must provide either an adequate law library or adequate legal assistance, Johnson may be of little continuing utility because it held that states must allow the assistance of inmate writ-writers only in the absence of the alternative forms of assistance now mandated under Bounds. Nonetheless, in this case Clay alleges that VBCC provides neither an adequate law library nor the assistance of attorneys; consequently, a claim under Johnson is viable. See Kunzelman, 799 F.2d at 1178-79