October 8, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1341 

 JOHN R. MCCABE,

 Plaintiff, Appellant,

 v.

 LEN MACH, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. A. David Mazzone, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Boudin, Circuit Judges.
 

 

John R. McCabe on brief pro se.
 
Mark P. Sutliff, Assistant Attorney General, on Motion to Join in
 
the Brief of appellee Richard Grelotti, for appellee, Leonard Mach.
Nancy Ankers White, Special Assistant Attorney General, and
 
William D. Saltzman on brief for appellee, Richard Grelotti.
 

 

 

 Per Curiam. John McCabe, a prisoner of the commonwealth
 

of Massachusetts, appeals the district court grant of

defendants' motion for summary judgment on his claims

pursuant to 42 U.S.C. 1983.1 McCabe alleges that, while

incarcerated at the Treatment Center for Sexually Dangerous

Persons at Bridgewater, he was subject to mechanical

restraints in violation of the eighth amendment prohibition

of cruel and unusual punishment. He further alleges that he

was deprived of his constitutional right of access to the

courts because of restrictions placed upon his access to the

law library.

 We believe that the district court's opinion adequately

sets forth the background of this case, and that McCabe's

serious assault on a guard amply justified the restraints and

disposes of the eighth amendment claim.

 As for the denial of access to library facilities, the

gravamen of McCabe's claim, as set forth in his brief on

appeal, is that the restraints interfered with McCabe's

ability to use the library. Because McCabe admits that he

was not wholly denied access, he has no claim under section

1983 without a showing of actual prejudice, such as the

forfeit of a case for failure to meet filing deadlines. See
 

 

1. The district court ordered plaintiff's claims
"dismissed." However, since the court explicitly relied on
defendant affidavits and on the record, we treat its decision
as a summary judgment. See Fed. R. Civ. P. 12(b)(6).
 

Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991). But McCabe
 

fails to make any such allegation of actual prejudice either

in his complaint or in his brief on appeal.

 Accordingly, we affirm the district court on the issue

of library access for lack of any claim of actual prejudice.

We note that McCabe is now in another institution, and has

conducted extensive litigation under new conditions, so that

the library access problem of which he complains has

apparently been resolved.

 Affirmed.
 

 -3-