USCA1 Opinion

 

 October 8, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1341 JOHN R. MCCABE, Plaintiff, Appellant, v. LEN MACH, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ John R. McCabe on brief pro se. ______________ Mark P. Sutliff, Assistant Attorney General, on Motion to Join in _______________ the Brief of appellee Richard Grelotti, for appellee, Leonard Mach. Nancy Ankers White, Special Assistant Attorney General, and ____________________ William D. Saltzman on brief for appellee, Richard Grelotti. ___________________ ____________________ ____________________ Per Curiam. John McCabe, a prisoner of the commonwealth __________ of Massachusetts, appeals the district court grant of defendants' motion for summary judgment on his claims pursuant to 42 U.S.C. 1983.1 McCabe alleges that, while incarcerated at the Treatment Center for Sexually Dangerous Persons at Bridgewater, he was subject to mechanical restraints in violation of the eighth amendment prohibition of cruel and unusual punishment. He further alleges that he was deprived of his constitutional right of access to the courts because of restrictions placed upon his access to the law library. We believe that the district court's opinion adequately sets forth the background of this case, and that McCabe's serious assault on a guard amply justified the restraints and disposes of the eighth amendment claim. As for the denial of access to library facilities, the gravamen of McCabe's claim, as set forth in his brief on appeal, is that the restraints interfered with McCabe's ability to use the library. Because McCabe admits that he was not wholly denied access, he has no claim under section 1983 without a showing of actual prejudice, such as the forfeit of a case for failure to meet filing deadlines. See ___ ____________________ 1. The district court ordered plaintiff's claims "dismissed." However, since the court explicitly relied on defendant affidavits and on the record, we treat its decision as a summary judgment. See Fed. R. Civ. P. 12(b)(6). ___ Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991). But McCabe ______ ____ fails to make any such allegation of actual prejudice either in his complaint or in his brief on appeal. Accordingly, we affirm the district court on the issue of library access for lack of any claim of actual prejudice. We note that McCabe is now in another institution, and has conducted extensive litigation under new conditions, so that the library access problem of which he complains has apparently been resolved. Affirmed. ________ -3-