**Charles J. OROPALLO**

v.

**Loran ACKERMAN, et al.**

**Civ. No. 93–209–SD.**

United States District Court,
D. New Hampshire.

April 28, 1994.

---

Charles J. Oropallo, pro se.

Lucy C. Hodder, Asst. Atty. Gen., Concord, NH, for all defendants.

### ORDER

DEVINE, Senior District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983 [1] for denial of his fundamental constitutional right of access to the courts. The defendants in this action are employees of the New Hampshire Department of Corrections and are named in their individual and official capacities. [2]

This order addresses plaintiff Charles J. Oropallo's motion for a temporary restraining order and/or preliminary injunction ordering that defendants allow him to receive his data disks previously removed from the prison.

---

1. In relevant part, 42 U.S.C. § 1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. Although the United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under

### 1. Factual Background

Plaintiff is currently incarcerated in New Hampshire State Prison (NHSP). With permission from the Warden of NHSP, plaintiff purchased a Smith Corona PWP (Personal Word Processor) in 1991. Thereafter, plaintiff received data disks for the word processor through the mail. Plaintiff used this word processor to prepare legal documents and store them on sixty data disks.

In March 1994, the New Hampshire Supreme Court accepted the case of *Oropallo, Charles J. v. Commissioner of Corrections*, No. 93–855, based on plaintiff's petition for a writ of habeas corpus. On April 25, 1994, the Clerk's Office of the New Hampshire Supreme Court informed this court that briefs in said case would be due within one to three months. The Attorney General for the State of New Hampshire, counsel for the defendants in the instant action, is counsel for the defendant in case No. 93–855.

Pursuant to NHSP rules prohibiting inmates from possessing computer hardware with information storage capacity, plaintiff's data disks were confiscated and removed from NHSP on June 30, 1992.

In its order of March 30, 1994, this court stated,

The determinative issue in this 42 U.S.C. § 1983 action is whether plaintiff Charles J. Oropallo's constitutional right of access to the courts is being infringed by officials at New Hampshire State Prison (NHSP) by his being denied access to certain Smith Corona PWP (Personal Word Processor) data disks containing his legal papers.

March 30, 1994, Order at 1.

In said order, the court requested the parties to submit by April 15, 1994, "sworn

---

§ 1983," *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), it has also reiterated that, "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' *Kentucky v. Graham*, 473 U.S. [159], 167 n. 14 [105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114] [ (1985) ]; *Ex parte Young*, 209 U.S. 123, 159–160 [28 S.Ct. 441, 453–54, 52 L.Ed. 714] (1908)." *Id.*, 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10.

affidavits on the issue of whether 'the loss of [the] particular documents [contained on said data disks] deprived [plaintiff] of the ability to participate meaningfully in the legal process....' *Sowell v. Vose,* 941 F.2d 32, 35 (1st Cir.1991)." In response, on April 5, 1994, plaintiff filed Plaintiff's Sworn Affidavit in Compliance with 3/30/94 Order. On April 18, 1994, defendants indicated to the court that they would not submit such affidavit. Defendants' Statement Regarding Prejudice at 1. Further, the court ordered plaintiff to submit the data disks to this court by April 15, 1994.[3] The data disks were submitted to the court on plaintiff's behalf on April 6, 1994.

The court has examined plaintiff's sixty data disks and has determined that twelve contain information relevant to plaintiff's petition for a writ of habeas corpus. *See* Appendix to this Order.

In his affidavit, plaintiff states,

1. During the course of about a one year period, I acquired sixty word processor disks in good faith through proper property channels at no expense to the State. These disks are of a special variety usable only on the specific word processor made by Smith Corona that I own and possess through permission of the Warden. The primary purpose for my disks was to store my legal notes, correspondence, and pleadings. As a secondary purpose, I utilized them for purposes of my New England College course work, in which I am enrolled through the prison.

2. At the time when I started accumulating my disks, the prison was endeavoring to limit the quantity of paperwork in possession of inmates, and storing my pleadings on notes on disks was an ideal method of complying with the administration's wishes. On my disks, inter alia, I organized and built pleadings for a petition for a writ of habeas corpus attacking what I believe to have been an unlawful conviction in State court leading to my being incarcerated....

3. Most of the arguments and research used within the various notes and pleadings contained on my disks were acquired over the years from numerous attorneys with whom I no longer have any way to contact. My notes and pleadings consist of data I typed in from numerous paper notes and files that became redundant as a result of being typed onto disk—since I had no idea in the world that the disks would be declared contraband to force me to get rid of them. I now cannot replace this information.

. . . .

6. The pleadings contained within these disks would take possibly years for me to develop once again, if I could ever do so. By not being allowed to have my disks and complete my habeas petition, I am effectively being barred from participating meaningfully in the legal process. Not only did I make my point perfectly clear to members of the administration regarding the disks containing my legal work and that they were denying me access to the courts by taking them, but the administration was directly aware of this according to Mr. Laurent Drouin's statements to me indicating that "investigations" was reading the disks, and that they (the disks) appeared to contain nothing but my legal work.

7. I have never had any intent to utilize my disks for any wrongful or illegal purposes, and my record consisting of over my nine years of incarceration (with only two disciplinary infractions on my record) fully supports my overall propensity and willingness to abide by the rules.

In their Memorandum of Law in Support of their Motion to Dismiss, defendants assert,

It is clear that plaintiff is merely alleging that his inability to keep extensive storage documents on disks makes keeping up with his prodigious litigiousness more difficult. Ten years ago few, if any, of the most prestigious law firms had memory

---

**3.** The court noted that plaintiff had alleged that the data disks had been retrieved outside NHSP by an elderly acquaintance he identified as Sophie F. DeForte. Plaintiff has further alleged that Ms. DeForte was unable to print the contents of his data disks onto paper.

The court further notes that plaintiff currently retains possession of his word processor.

capacity, yet litigation proceeded, and courts were accessed.

*Id.* at 8.

### 2. Plaintiff's Right of Access Claim

 The right of access is a discrete, constitutional right, derived from various constitutional sources. It springs in part from the due process clause, *Wolff v. McDonnell,* 418 U.S. 539, 579 [94 S.Ct. 2963, 2986, 41 L.Ed.2d 935] (1974); the privileges and immunities clause, *Chambers v. Baltimore & Ohio Railroad,* 207 U.S. 142, 148 [28 S.Ct. 34, 35, 52 L.Ed. 143] (1907); and the First Amendment, *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 513 [92 S.Ct. 609, 612–13, 30 L.Ed.2d 642] (1972). *See generally Ryland v. Shapiro,* 708 F.2d 967, 971–72 (5th Cir.1983). The right of access is fundamental. *Bounds v. Smith,* 430 U.S. 817, 828 [97 S.Ct. 1491, 1498, 52 L.Ed.2d 72] (1977).

It follows logically that the allegation of intentional violation of the right of access to the courts states a cause of action under § 1983.

*Simmons v. Dickhaut,* 804 F.2d 182, 183 (1st Cir.1986), *aff'd,* 961 F.2d 1565 (1st Cir.1992).

However, the First Circuit has held that,

The loss of a few documents is not inherently prejudicial. Absent some further showing that the loss of those particular documents deprived [plaintiff] of the ability to participate meaningfully in the legal process, a court cannot say that a constitutional deprivation has occurred.

*Sowell v. Vose, supra,* 941 F.2d at 35.

### 3. Preliminary Injunction

In this Circuit, the standards for granting preliminary injunctive relief are unambiguous:

(1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction.

*Asseo v. Centro Medico del Turabo,* 900 F.2d 445, 454 (1st Cir.1990) (quoting *Women's Community Health Ctr., Inc. v. Cohen,* 477 F.Supp. 542, 544 (D.Me.1979)).

#### a. Irreparable Injury

 The court finds the evidence before it sufficient to demonstrate that in the absence of injunctive relief plaintiff will suffer irreparable harm by being denied access, at a critical moment in his proceeding before the New Hampshire Supreme Court, to the voluminous and relevant legal research and writings contained in the twelve data disks identified in the Appendix attached hereto.

#### b. Injury versus Harm to Defendant/Public Interest

The injunctive relief contemplated by the court would be confined to an order requiring defendants to provide plaintiff with access to the twelve data disks identified in the Appendix for the sole purpose of permitting plaintiff, at his own expense and using his own word processor, to print the contents of said data disks onto paper. The court is satisfied that such order would not interfere with the state's interest in the prison's prohibition against the possession of computer hardware with information storage capacity because said order would not allow plaintiff the use of said data disks for any purpose other than the recovery of his habeas corpus petition material.

#### c. Likelihood of Success on the Merits

Based on the evidence before it, the court finds that plaintiff has shown he is likely to prevail on the merits of his claim for intentional violation of his right of access to the courts.

### Conclusion

The court herewith grants plaintiff's motion for a preliminary injunction (document 33) to the extent that it herewith orders defendants, beginning, at the latest, on Friday, May 6, 1994, to provide plaintiff with access to the twelve data disks identified in the Appendix for the sole purpose of permitting plaintiff, at his own expense and using his own word processor, to print the contents of said data disks onto paper. Such access shall be provided until plaintiff has printed

the contents of said data disks onto paper.[4] Thereafter, defendants shall return said data disks to this court, whereupon this court will release plaintiff's sixty data disks to the custody of a representative of the plaintiff.

SO ORDERED.

## APPENDIX
### DISKS AND FILES CONTAINED THEREIN

| Disk Label | Relevant File |
|---|---|
| "State v. Oropallo, 3/85 Trial Transcript Excerpts, Starting File" (Side A of Data Disk No. 1) | "Transcript Excerpt 1" |
| "State v. Oropallo, 3/85 Trial Transcript Excerpts, Dictionary" (Side B of Disk 1) | "Transcript Excerpt 2" |
| "State v. Oropallo, 3/85 Trial Transcript Excerpts" (Side B of Disk 2) | "Transcript Excerpt 3" |
| [Unlabeled] (Side A of Disk 3) | "Cases" |
| "Oropallo v. Cunningham, Petition for Writ of Habeas Corpus, Petition, Dictionary, Brief Sections" (Side A of Disk 4) | "Briefs in Support: # 1, 10" |
| "Oropallo v. Cunningham, Petition for Writ of Habeas Corpus, Remaining Brief Sections" (Side B of Disk 4) | "Briefs in Support: # 2, 3, 4, 5, 6, 21" |
| "Oropallo v. Cunningham, Petition for Writ of Habeas Corpus, Remaining Brief Sections" (Side A of Disk 5) | "Briefs in Support: # 8, 10, 11, Cov" |
| "Oropallo v. Cunningham, Petition for Writ of Habeas Corpus, Remaining Brief Sections" (Side B of Disk 5) | "Briefs in Support: #9, 12, 13, 14, 15, 16, 17, 18" |
| "Oropallo v. Cunningham, Petition for Writ of Habeas Corpus, Remaining Brief Sections & Dictionary" (Side A of Disk 6) | "Briefs in Support: #7, 20, 22" |
| "Oropallo v. Cunningham, Petition for Writ of Habeas Corpus, Supplemental Motions," (Side B of Disk 6) | "Appt Counsel Motion", "Petition for Writ", "Brief in Support # 19", "Brief in Support App", "Pauper Motion", "Brief in Support # 23" |

### DISKS AND FILES CONTAINED THEREIN—Page 2 of 2

| | |
|---|---|
| "Habeas Corpus Supporting Brief, Argument 0, 1, Habeas Specific Dictionary" (Side A of Disk 7) | "Briefs in Support: # 0, 1" |
| "Habeas Corpus Supporting Brief, Argument 2, 3, 5, 6, 21" (Side B of Disk 7) | "Briefs in Support: 2, 3, 4, 5, 6, 21" |
| "Habeas Corpus Supporting Brief, Argument 8, 10, 11, Cover" (Side A of Disk 8) | "Briefs in Support: # 8, 10, 11, Cov" |
| "Habeas Corpus Supporting Brief, Arguments 9, 12, 13, 14, 15, 16, 17, 18" (Side B of Disk 8) | "Briefs in Support: 9, 12, 13, 14, 15, 16, 17, 18" |
| "Habeas Corpus Supporting Brief, Arguments 7, 20, 22, General Setup, Habeas Specific Dictionary" (Side A of Disk 9) | "Briefs in Support: 7, 20, 22" |
| "Habeas Corpus Supporting Brief, Arguments 19, 23, Appendix, General Setup, Court Hierarchy, Pauper Motion, Counsel Appointment, Petition for A Writ of Habeas Corpus" (Side B of Disk 9) | "Brief in Support App", "Pauper Motion", "Petition for Writ", "Brief in Support # 23", "Appt Counsel Motion", "Brief in Support # 19" |
| "Information Copies on Hand" (Side A of Disk 10) | "Cases" |
| "Legal Materials, Assorted Petitions/Writs/Motions" (Side B of Disk 11) | "11/91 Habeas & Brief" |
| [Unlabeled] (Side A of Disk 12) | "Briefs in Support: # 8, 10, 11, Cov" |
| [Unlabeled] (Side B of Disk 12) | "Briefs in Support: 9, 12, 13, 14, 15, 16, 17, 18" |

---

**4.** The court notes that nothing in this order is to be construed as requiring defendants to permit plaintiff to retain said data disks for any other use.