White, J.
Plaintiff, Ronald Gullick, an inmate at a Massachusetts Correctional Institution, claims that his due process rights, as well as C.M.R. 430, were violated in connection with his disciplinary hearing for allegedly writing harassing letters to a correctional officer. He sues the Superintendent of Corrections and various other correctional officials. After hearing and consideration of written filings, the Court finds that the defendants’ Motion for Summary' Judgment should be granted.
Discussion
In a motion for summary judgment, the moving party bears the burden of showing that there is no genuine issue of material fact and that the moving parly is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The defendants in this case have met this burden and therefore are entitled to judgment as a matter of law.
Plaintiff challenges the result of prison disciplinary proceedings in which plaintiff was charged with sending harassing letters to a correctional officer. The plaintiffs request that the alleged victim testify during the proceedings was denied. Plaintiff was found guilty of 103 C.M.R. 430.24(19): “use of obscene, abusive or threatening language ... to any . . . staff member.” The hearing officer recommended fifteen days of isolation and restitution of the cost of the expert handwriting analyst. Plaintiff appealed to the prison supervisor who upheld the guilty finding but modified the punishment to fifteen days isolation. Plaintiff then filed this appeal.
Courts are required to give great deference to decisions by prison boards. A court may not displace . . . [the] board’s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it denovo." Cepolonis v. Commissioner of Corrections, 15 Mass.App.Ct. 292 (1983).
Plaintiff alleges that the hearing officer violated 103 C.M.R. 430.14(4) when he denied the plaintiff the opportunity to call the alleged victim as a witness. In Sandin v. Conner, 1995 WL 360217 (U.S.), Connor, a prisoner, alleged that prison officials deprived him of procedural due process when an adjustment committee refused to allow him to present witnesses during a disciplinary hearing and then pursuant to the disciplinary hearing sentenced him to segregation for misconduct. Id. at 1. The Court ruled that discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. Id. at 6. The Court concluded by ruling that the prisoner’s discipline did not present the type of atypical significant deprivation in which a state might create a liberty interest. Id. Similarly, plaintiff in this case is also a prisoner sentenced by a court of law and therefore a decision by prison officials not to allow the plaintiff to present witnesses during his prison disciplinary hearing is within the range of authority of prison officials in such situations.
Moreover, plaintiff argues that the disciplinary report did not meet the specifications required by 103 C.M.R 430.08(2). 103 C.M.R. 430.08(2) requires employees to write a disciplinary report and file it with the shift commander within twenty-four hours after they have reason to believe a disciplinary offense has been committed. However, 103 C.M.R. 430.23 states that all procedural time limits are directory and may be waived by the superintendent or the commissioner. Though the employee did not file the disciplinary report within twenty-four hours, the superintendent granted a waiver permitting the report to be filed late. Therefore, there is no genuine issue of matter fact regarding the legality of filing the disciplinary report late.
Plaintiff also argues that the failure of prison officials to allow the plaintiff access to trial transcripts prejudiced his case. In Bounds v. Smith, 430 U.S. 817 (1977), inmates alleged that they were denied access to the courts in violation of their Fourteenth Amendment Rights through the state’s failure to provide the inmates with legal research facilities. The Court concluded that states must provide inmates with legal research facilities as well as provide trial records to inmates unable to buy them. Id. at 822. However, in Sowell v. Vose, 941 F.2d 32 (1st Cir. 1991), a prisoner alleged that his constitutional right of access to court was infringed by restrictions on his access to legal documents. Id. at 32. The court ruled that deprivation *212 of prisoner’s legal property to the extent that the property consists of research notes, court documents and similar materials does not by itself prove prejudice for purposes of stating actual injury required to recover in civil rights actions. Id. at 34. In this case, plaintiff contends that he was denied access to his trial transcripts for five months. However, plaintiff fails to demonstrate that he was prejudiced by this delay. Since plaintiff has not established that he has suffered actual injury as a result of the temporary deprivation of his trial transcripts, this matter is not a triable issue.
Finally, plaintiff contends that his Fourteenth Amendment Due Process Rights were violated when officers failed to read the Miranda warning which would have informed plaintiff of his right to remain silent during the disciplinary hearing. 103 C.M.R. 430.14(1) states that at the beginning of a hearing that may be referred to the District Attorney for prosecution, the hearing officer shall advise the inmate of his Miranda rights. Prison officials in this case have stated that the disciplinary matter regarding the plaintiff will never be referred to the District Attorney’s office. Therefore, plaintiffs Fourteenth Amendment Due Process Rights were not violated by the failure to give him Miranda warning prior to the hearing.
For all of the above reasons, defendants’ Motion for Summary Judgment is hereby ALLOWED.