73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul D. GIBBS, Plaintiff-Appellant,
v.
Richard JOHNSON, et al., held personally and individually
liable, Defendants-Appellees.
 No. 95-1339.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: LIVELY, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Paul D. Gibbs, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Gibbs sued various prison officials in their individual capacities, essentially alleging that they conspired to harass him and retaliate against him because he serves as a "jailhouse lawyer." Gibbs alleged numerous instances of harassment and retaliation. The defendants filed a motion to dismiss, or in the alternative for summary judgment. Upon review, the district court stated that Gibbs had not stated a claim for relief and granted the defendants' motion.
 
 
 3
 Gibbs has filed a timely appeal, reasserting his same claim of retaliation based on numerous instances of alleged misconduct.
 
 
 4
 Upon review, we conclude that the district court properly granted judgment in favor of the defendants. However, because the district court considered matters outside the pleadings when it rendered judgment, we construe the judgment as granting summary judgment to the defendants. See Nuclear Transp. & Storage v. United States, 890 F.2d 1348, 1351 (6th Cir.1989). The district court properly granted summary judgment in favor of the defendants. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 5
 Gibbs's allegations of harassment do not support a claim of retaliation because they fail to establish that the defendants' actions constituted an "egregious abuse of governmental power" or that such actions otherwise "shocked the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 6
 The defendants properly searched Gibbs and his cell. Gibbs does not have a reasonable expectation of privacy in his cell entitling him to Fourth Amendment protection against unreasonable searches and seizures. See Hudson v. Palmer, 468 U.S. 517, 526 (1984). Moreover, the courts must accord prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. See Turner v. Safley, 482 U.S. 78, 84-91 (1987); Bell v. Wolfish, 441 U.S. 520, 547 (1979). The defendants searched Gibbs and his cell in the interests of internal order and security and their actions were properly based on prison regulations.
 
 
 7
 The defendants properly ordered Gibbs to submit to urinalysis testing. A random drug test constitutes a search, but does not require a court to determine whether probable cause exists. See Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 617-20 (1989). Rather, the court must determine whether the testing is reasonable. Id. The defendants' prison policy and practice of random drug testing reasonably relates to legitimate penological interests and does not constitute an exaggerated response to prison concerns. See Turner, 482 U.S. at 84-91.
 
 
 8
 The defendants did not violate Gibbs's due process rights when they found him guilty of misuse of property. The defendants presented "some evidence" to support the prison disciplinary board's decision that Gibbs was guilty of the charged offense. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). The defendants stated that they wrote Gibbs a misconduct ticket for misuse of property when they found a smashed walk-man and a tatoo gun in his cell.
 
 
 9
 The defendants did not prevent Gibbs from receiving reimbursement for the destruction of his personal property. Gibbs alleged that he sought reimbursement for property that was destroyed when his cell flooded and that defendants Bria and Schafer initially prevented reimbursement by falsely alleging that he had the opportunity to prevent the destruction. However, Gibbs acknowledged that he has already received reimbursement.
 
 
 10
 Defendant Schafer was not deliberately indifferent to Gibbs's medical condition when he ordered Gibbs to lift his belongings off his cell floor. Gibbs did not establish that the defendant's conduct reflected an unnecessary and wanton infliction of pain. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Defendant Schafer ordered Gibbs to remove his belongings from his cell floor so that the floor could be painted, and did not do so maliciously and sadistically to cause harm. See Moore, 2 F.3d at 700.
 
 
 11
 The defendants did not willfully expose Gibbs to possible attacks from other inmates. The Supreme Court has recognized prison officials' obligation to protect prisoners from violent assaults at the hands of fellow inmates. Farmer, 114 S.Ct. at 1976-77. Gibbs did not establish "deliberate indifference" because he did not show that the defendants consciously disregarded a substantial risk of serious harm to him. Id. at 1974. Indeed, at Gibbs's request, the defendants placed him in protective custody and transferred him after he reported that other inmates had threatened him.
 
 
 12
 The defendants did not "substantially burden" Gibbs's exercise of his religion when they prevented him from keeping his crucifix while in segregation. Gibbs has not established how the deprivation burdened his practice of his religion. The defendants permit prisoners in segregation to keep one religious text book. Still, the defendants had a compelling governmental interest when they prohibited Gibbs from keeping a metal crucifix while in segregation. The metal crucifix represented a potential weapon that could have been used to injure Gibbs or the guards. This claim lacks merit. See Religious Freedom Restoration Act of 1993, 42 U.S.C.A. Sec. 2000bb-1(b) (West Pamphlet 1994); Goodall ex rel Goodall v. Stafford County Sch. Bd., 60 F.3d 168, 171 (4th Cir.1995).
 
 
 13
 The defendants did not improperly discriminate against Gibbs. Gibbs has not shown that the defendants purposely discriminated against him because of his membership in a protected class. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). First, Gibbs has no constitutional right to a prison job. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (per curiam). Second, the defendants considered several factors, including the nature of Gibbs's violations, prior to taking his good-time credits. Gibbs has not identified any prisoners that had similar misconduct convictions who were permitted to retain their good time credits.
 
 
 14
 The defendants did not deny Gibbs access to the courts. Even if we accept Gibbs's statement of facts as true, the defendants are still entitled to judgment as a matter of law because Gibbs has not alleged that their actions resulted in any prejudice to his pending litigation. See Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir.1995); Sowell v. Vose, 941 F.2d 32, 35 (1st Cir.1991); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 15
 Finally, the district court properly dismissed Gibbs's claim against defendant Johnson. Gibbs can prove no set of facts in support of his allegations against defendant Johnson that would entitle him to relief. See Meador, 902 F.2d at 475. Respondeat superior liability is not applicable in Sec. 1983 actions. See Monell v. Department of Social Servs., 436 U.S. 659, 694 (1978). Defendant Johnson did not authorize or condone any unconstitutional conduct.
 
 
 16
 For the foregoing reasons, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.