Fremont-Smith, J.
This is an action brought by a group of inmates incarcerated at North Central Correctional Institution (NCCI) in Gardner. Plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages for alleged violations of their federal and state civil rights. Defendants, employees of the Department of Correction, have brought this renewed motion for summary judgment. For the *354 reasons which follow, defendants’ renewed motion for summary judgment is allowed.
BACKGROUND
In January 1990, plaintiffs William Langton, Robert Stewart and Joseph Puleio were inmates in the custody of the Department of Correction, serving sentences at the North Central Correctional institution at Gardner, Massachusetts (“NCCI-Gardner”). Plaintiffs worked as law clerks at the NCCI-Gardner library. On January 10, 1990 the law library was searched for contraband by the Inner Perimeter Securiiy (IPS) team. The team searched all law books, furniture and the plaintiffs’ lockers, located inside the library. Defendants cut the locks on the plaintiffs’ lockers in order to gain access. Plaintiffs were informed that they would be reimbursed for the cost of the locks. No drugs were found in the lockers, but in the course of the search the team found an empty package which had contained marijuana and single-edge razor. Plaintiffs claim that since the search of the library they have been unable to locate several legal files and a deposition. Plaintiff Langton also claims his typewriter was “held hostage” by defendants for four days after the search and that the memory of the typewriter was erased, destroying more than four hours of work.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion." Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In granting defendants partial summary judgment this Court held that there was a question of fact concerning whether any of the plaintiffs’ property was taken during the search (Memorandum of Decision, 6/12/91, Tuttle, J.). However, in light of subsequent binding case law, even if the property was taken, the plaintiffs must show “actual injury” as a prerequisite to recovery. Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991). In Sowell, the court held that, “[t]he loss of a few documents is not inherently prejudicial. Absent some further showing that the loss of those particular documents deprived [the prisoner] of the ability to participate meaningfully in the legal process, a court cannot say that a constitutional deprivation has occurred.” Id. Similarly, plaintiffs in this case are not claiming absolute deprivation of access to all of their legal materials, but the loss of particular documents. See Sowell, supra at 35. Thus, the plaintiffs must show how the loss of legal materials which they claim they are unable to locate has caused them to be unable to access the courts. See Sowell, supra at 36. Plaintiffs have failed to state with specificity any actual injury where they were denied meaningful access to the courts. See Sowell, supra at 34. Plaintiffs allege that various inmates have been unable to file pleadings in their cases because of the plaintiffs’ inability to assist them, but the plaintiffs have neither shown how the legal materials which they claim were taken were necessary in providing this assistance nor how the alleged deprivation of these legal materials caused any loss of access to the courts. See Sowell, supra at 36. Given plaintiff Langton’s numerous pending law suits before this Court, it is unlikely that the claimed loss of particular documents inhibited his access to the court.[3] Moreover, no evidence of any specific “actual harm” in the plaintiffs’ legal access has been provided by plaintiffs in opposition to defendants’ motion for summary judgment so as to raise an issue of material fact in this regard. Plaintiffs have thus failed to. show that a “causal relationship” existed between the alleged removal of the property and the loss of access to the courts. See Sowell, supra at 35-36.
Plaintiffs also make a claim under G.L.c. 12, §§ 11H and I, the Massachusetts Civil Rights Act. Plaintiffs do not even allege in their complaint, much less submit any affidavits or other evidence, as to any threats, intimidation or coercion necessary to raise an issue of material fact in such regard. See Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989). Consequently, this claim also must fail.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ renewed motion for summary judgment is ALLOWED.

 Although plaintiffs allege that their numerous law suits have caused the defendants to attempt to suppress the plaintiffs’ legal activities, they have offered no factual support for this allegation.