Smith, J.
INTRODUCTION
In this suit by plaintiff Dornell Wigfall, a state pris on inmate, the plaintiff claims, that the defendants denied him access to the courts.[2] The plaintiff brings this action pursuant to 42 U.S.C. §1983, G.L.c. 231A and G.L.c. 12, §11(H) and (I). With respect to this claim, this Court faces an issue unresolved by Massachusetts appellate courts but recently answered in the affirmative by the United States Supreme Court: must an inmate claiming that prison officials denied him access to the courts also allege actual injuiy to his legal interests? For the reasons discussed below, this Court adopts an actual injury requirement as adopted by the Supreme Court.
BACKGROUND
Plaintiff Dornell Wigfall, an inmate in lawful custody of the Department of Corrections, brought this pro se action against employees of the department at MCI-Cedar Junction. Much of plaintiffs complaint *141 centers on his attempts to gain access to the legal materials and the court system. First, he claims that the defendants adopted a policy limiting him to two hours of law library access per week. Plaintiff further contends that he was denied even this minimal amount of access on October 14, 1994, when defendant Roland Goncalves (“Goncalves”), a corrections officer at MCI-Cedar Junction, refused to release plaintiff from his cell to the law library. Plaintiff asserts that Goncalves’ refusal came in retaliation for other legal actions plaintiff has brought against Goncalves.
Plaintiff also alleges that on October 14, 1994, defendant Mike Rodriguez (“Rodriguez”) failed to make copies of legal documents for him. Rodriguez then allegedly engaged in ongoing refusals to allow plaintiff library access. Next, plaintiff alleges that officials stymied his efforts to mail documents to this Court. He alleges that on October 17, 1994, Rodriguez came to his cell with three unmailed envelopes plaintiff had previously placed in a mailbox. Plaintiff contends that these envelopes should have either been posted or promptly returned to him.
The same day, plaintiff submitted a prison “canteen slip” to purchase postage stamps, a pen, and a box of envelopes. The next day, he received the slip back with writing indicating that his canteen privileges had been suspended until October 26. Defendant Scott Galspand (“Galspand”) then allegedly taunted plaintiff, telling him, among other things, that “you’re being denied access to the courts.” Plaintiff contends that even prisoners sanctioned with loss of canteen privileges or isolation are entitled to stationery supplies.
Plaintiff makes several references, some general and others more specific, to legal actions of his that were prejudiced by the actions of the defendants.[3]
DISCUSSION
A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). The burden is on the moving party to show that the plaintiff cannot prevail. Bahceli v. Bahceli, 10 Mass. App. 446, 451 (1980).
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the non-moving party’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson, supra at 17. The non-moving party cannot rest on his pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A. Access to the courts
The U.S. Supreme Court held in Bounds v. Smith, 430 U.S. 817, 828 (1977), thatprisoners have aright of access to the courts, and that one constitutionally permitted method of according this right is the provision of either an adequate library or legal assistance. Bounds did not state that a prisoner, to demonstrate a violation of his right of access, must also show that he was harmed in particular litigation. However, the Supreme Court held recently in Lewis v. Casey, 116 S.Ct. 2174 (1996), that to have standing to bring a Bounds claim, an inmate must allege both that he was denied access to legal materials or advice and that this denial harmed his ability to pursue a nonfrivolous legal action, that is, the inmate must show actual injury.[4] The Lewis court reasoned that “(b)ecause Bounds did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison’s law library or legal assistance program is sub-par in some theoretical sense.” Id. 116 S.Ct. at 2180. Thus, to show actual injury the inmate must, for example, show that because of the inadequate library facilities or because of the prison regulations governing access and use of the library facilities, the inmate was unable to file a complaint or lost a case because the inmate could not timely file critical pleadings. See id. 116 S.Ct. at 2180.
Massachusetts appellate courts, while following Bounds, have not addressed whether actual injury must be shown to make out a Bounds claim. However, the First Circuit, in a well-reasoned per curiam opinion, held that an inmate who alleges something less than a complete or systemic denial of access to legal materials must show actual injury. Sowell v. Vose, 941 F.2d 32, 33 (1991).
The relationship between the state and federal judicial systems is relevant to this case. Since Bounds was based on federal due process guarantees, Massachusetts courts must provide inmates with at least the *142 level of access mandated by that decision. Massachusetts courts are not required, however, to adopt Lewis’ actual injuiy requirement, since that decision was based on the constitutional requirement that a litigant have standing to pursue an action in federal court. Article III of the U.S. Constitution, which governs standing, does not apply to state courts. See Allen, 468 U.S. at 750.
However, Massachusetts courts do generally adopt the requirement that actual injury be present in order for a litigant to have his day in court. See Slama v. Attorney General, 384 Mass. 620, 624 (1984). The actual injury requirement found in Lewis is, in essence, consistent with standing doctrines that are followed in Massachusetts as well as in the federal court system. Thus, this Court adopts the rule that a litigant claiming a Bounds violation must allege both a denial of access to legal materials or advice and that he was harmed in particular litigation.
The Commonwealth argues that plaintiff fails to allege any injuiy to his efforts to litigate. The Court agrees. The plaintiff has not demonstrated actual lack of access to the courts. Second, he has had failed to allege facts showing that he has suffered any actual prejudice. Thus, the plaintiff has failed to allege sufficient facts or to demonstrate sufficient facts by way of affidavit or through other documents allowed under Mass.R.Civ.P. 56 to establish a material dispute of fact which creates a triable Bounds claim.
Civil Rights violation under Massachusetts
Civil Rights Act G.L.c. 12, §11(H) and (I).
To establish a claim under the Massachusetts Civil Rights Act (Act), G.L.c. 12, §111, the plaintiff must prove that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by “threats, intimidation or coercion.” G.L.c. 12, §11H; Bally v. Northeastern University, 403 Mass. 713 (1989). Because the plaintiff has not suffered a Bounds violation, there has been no violation of any secured right.
Even if the plaintiff had a viable Bounds claim, his claim under G.L.c. 12, §11 (H) and (I) must fail since he failed to allege or raise a triable issue that the defendants interfered with any of his secured civil rights “by threats, intimidation or coercion.” Longval v. Comm. of Correction, 404 Mass. 325, 535 N.E.2d 588 (1989). The Court adopts the analysis of the defendants on this issue.
ORDER
1. The Court ALLOWS the defendants’ Motion to Dismiss Or In the Alternative For Summary Judgment and hereby ORDERS that summary judgment in favor of the defendants shall enter on all claims in the plaintiffs complaint.

On or about February 22, 1995, the plaintiff filed a pleading styled “Now comes the plaintiff in the above action for more definite statement for the defendants” (sic), presumably in response to the defendants’ Motion For A More Definite Statement, filed on February 1, 1995. The Court shall treat the plaintiffs February 22, 1995 pleading as an amended complaint which reduced the plaintiffs claims to those articulated in this pleading. All other claims from the plaintiffs original complaint are deemed waived.

He cites Wigfall v. Goncalves, Norfolk No. 94-0004, and “other cases whose numbers are not included due to file seizure.” Plaintiffs Memorandum, page 5.

The Court derived this “actual injury” requirement from the constitutional doctrine of standing, which “prevents courts of law from undertaking tasks assigned to the political branches.” Lewis, 116 S.Ct. at 2179. See also Allen v. Wright, 468 U.S. 737, 750-52 (1984). The Lewis court explained that “(i]t is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.” Id. Thus, “(i]t is for the courts to remedy past or imminent official interference with individual inmates’ presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur.” Id.